UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FARAG,<br><br>                    **Plaintiff,**<br><br>-against-<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL,<br><br>                    **Defendants.** | **25-cv-03928 (ALC)**<br><br>**ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

On May 12, 2025, Plaintiff, proceeding *pro se*, filed his Complaint (which is internally titled as the Amended Complaint, although the Court has not identified any prior iterations of the Complaint filed to the docket) in this action. ECF No. 1. That same day, the Clerk of Court issued summonses as to all Defendants. ECF No. 3. On June 12, 2025, Plaintiff filed an affirmation of service by first-class mail on Defendant United States Citizenship and Immigration Services ("USCIS") indicating that on June 11, 2025, a copy of Plaintiff's Amended Complaint and the summons were mailed to USCIS. *See* ECF No. 5. To date, USCIS has not answered or otherwise responded to the Amended Complaint. Moreover, on June 12, 2025, Plaintiff filed affidavits of non-service as to Ur M. Jaddou (the former director of USCIS), Alejandro Mayorkas (the former United States Secretary of Homeland Security), and Merrick Garland (the former United States Attorney General) (together, the "Individual Defendants") and all of the affidavits indicated that service was not effectuated on the Individual Defendants for various reasons, including that some of the Individual Defendants no longer worked at the places at which they were served. For the following reasons, the Court finds that service on Defendants was improper, but grants Plaintiff additional time to properly serve the Defendants.

First, the Court *sua sponte* finds that service on USCIS was improper. Under Federal Rule of Civil Procedure 4(i)(2), in order "[t]o serve a United States agency or corporation, or a

United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." The affirmation of service filed by Plaintiff was sent via first-class mail and not by registered or certified mail. Moreover, there is no indication that Plaintiff also served the United States as required by Federal Rule of Civil Procedure 4(i)(1), which states:

> To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).[1] Considering Plaintiff's *pro se* status, the Court grants Plaintiff **ninety (90) days** from the entry of this order to serve USCIS according to Federal Rules of Civil Procedure 4(i)(1) and (2).

Second, the Court also *sua sponte* finds that Plaintiff's attempted service on the Individual Defendants was similarly improper. The Individual Defendants—all of whom are officers of the United States—must also be served according to Federal Rule of Civil Procedure 4(i)(2) if they are being sued in their official capacity. However, there is no indication that Plaintiff served the United States in connection with service on the Individual Defendants.

---

[1] Because Plaintiff filed this case in the Southern District of New York, the pertinent United States attorney is the United States Attorney for the Southern District of New York (86 Chambers Street, New York, NY).

Moreover, the Court takes judicial notice of the facts that (1) at the time the Amended Complaint was filed, none of the named Individual Defendants were officers of the United States, and (2) the Individual Defendants have been succeeded by Joseph B. Edlow (the director of USCIS), Kristi Noem (the United States Secretary of Homeland Security), and Pam Bondi (the United States Attorney General).  Thus, the Court will substitute the named Individual Defendants with their successors pursuant to Federal Rule of Civil Procedure 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").  Once again considering Plaintiff's *pro se* status, the Court grants Plaintiff **ninety (90) days** from the entry of this order to serve the Individual Defendants (as substituted) according to Federal Rules of Civil Procedure 4(i)(1) and (2).

Therefore, it is hereby **ORDERED:**

1. The Clerk of Court is respectfully directed to substitute Joseph B. Edlow in place of Ur M. Jaddou, Kristi Noem in place of Alejandro Mayorkas, and Pam Bondi in place of Merrick Garland;
2. The Clerk of Court is respectfully directed to reissue to Plaintiff the summonses (substituting the parties as necessary) as to all Defendants;
3. Plaintiff must serve the Amended Complaint and the reissued summonses upon all of the Defendants according to Federal Rules of Civil Procedure 4(i)(1) and (2) **ninety (90) days** from the entry of this order.
4. Failure to comply with this order may result in the dismissal of this action.

**SO ORDERED.**

Dated: August 20, 2025
      New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**